[981 NYS2d 539]

In the Matter of Borislav Chernyy, an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, March 5, 2014

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated May 22, 2012, containing a single charge of professional misconduct. After a hearing conducted on January 15, 2013, the Special Referee issued a report which sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affirmation wherein he asks the Court to grant the Grievance Committee's motion and impose a public censure as the appropriate measure of discipline.

Charge one alleges that the respondent "made a materially false statement and/or deliberately failed to disclose a material fact" requested in connection with his application for admission to the bar, in violation of rule 8.1 of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about December 2010, the respondent filed an application for admission to the bar of the State of New York with the Committee on Character and Fitness for the Second Judicial Department, dated and notarized on November 30, 2010. On that application, the respondent answered "No" to the following question:

"12. Have you ever, either as an adult or a juvenile, been cited, arrested, taken into custody, charged with, indicted, convicted or tried for, or pleaded guilty to, the commission of any felony or misdemeanor or the violation of any law, except minor *parking violations, or been the subject of any juvenile* delinquency or youthful offender proceeding?"

The respondent knew at the time he completed and filed his bar application that, on or about April 22, 2008, in the Criminal Court of the City of New York, Kings County, he had pleaded guilty to driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor.

In view of the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In mitigation, the respondent asks the Court to consider the following circumstances: his relatively young age; his cooperation with the Grievance Committee; his sincere remorse; the fact that he has learned from his mistake and presents no risk of engaging in misconduct in the future; the fact that he overcame his personal and family circumstances as a refugee from Ukraine; and his excellent reputation as an honest and ethical attorney.

Notwithstanding the above mitigating factors, the respondent failed to disclose his arrest or conviction on more than one occasion. He not only failed to disclose his conviction on his application to the bar, but he failed to disclose his arrest on his application to Thomas M. Cooley School of Law, and failed to disclose his conviction on his application to transfer to Hofstra Law School. The respondent testified that he knew his conduct at the time was ethically and morally wrong, but that he really wanted to gain admission to law school, and also feared that disclosure of his conviction would result in a denial of his application for admission to the bar. The Court considers these multiple omissions to be an aggravating factor.

Under the circumstances of this case, we find that the respondent's misconduct warrants his suspension from the practice of law for a period of six months.

ENG, P.J., MASTRO, RIVERA, SKELOS and SGROI, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Borislav Chernyy, is suspended from the practice of law for a period of six months, commencing

April 4, 2014, and continuing until further order of this Court, with leave to apply for reinstatement one month prior to the expiration of that period, upon furnishing satisfactory proof that (1) during the said period, he refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Borislav Chernyy, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Borislav Chernyy, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Borislav Chernyy, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).